UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
08-CV-5215(JMR/FLN)

| | | |
|---|---|---|
| 281 CARE Committee, Ron Stoffel, | ) | |
| W.I.S.E. Citizen Committee, | ) | |
| Victor E. Niska, Citizens for | ) | |
| Quality Education, and Joel Brude | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Ross Arneson, in his official | ) | |
| capacity as County Attorney for | ) | |
| Blue Earth County, Minnesota, or | ) | |
| his successor, Mike Freeman, in | ) | |
| his official capacity as County | ) | |
| Attorney for Hennepin County, | ) | |
| Minnesota, or his successor, | ) | |
| Michael Junge, in his official | ) | |
| capacity as County Attorney for | ) | |
| McLeod County, Minnesota, or his | ) | |
| successor, and Tom N. Kelly, in | ) | |
| his official capacity as County | ) | |
| Attorney for Wright County, | ) | |
| Minnesota, or his successor, and | ) | |
| Lori Swanson, in her official | ) | |
| capacity as the Minnesota Attorney | ) | |
| General, or her successor | ) | |

Three political associations and their individual leaders[1] have sued four Minnesota County Attorneys and the Minnesota Attorney General. Plaintiffs claim Minn. Stat. § 211B.06 subd. 1 (2008) is contrary to the First Amendment. The matter comes before the Court on cross-motions: plaintiffs move for summary judgment; defendants seek to dismiss the Amended Complaint ("Complaint"). Defendants' motion is granted; plaintiffs' motion is denied.

---

[1] Barbara White, an additional plaintiff, has been voluntarily dismissed.

I.  Background[2]

Minnesota school districts may raise funds by tax levies and bond referenda if approved by the electorate. Plaintiffs claim they oppose such revenue-raising measures, and wish to persuade voters to reject them. They claim they are being prevented from doing so by a portion of the Minnesota Fair Campaign Practices Act, which purports to criminalize false statements in connection with elections and ballot questions.

In relevant part, the statute provides:

> A person is guilty of a gross misdemeanor who intentionally participates in the preparation, dissemination, or broadcast of paid political advertising or campaign material . . . with respect to the effect of a ballot question, that is designed to or tends to . . . promote or defeat a ballot question, that is false, and that the person knows is false or communicates to others with reckless disregard of whether it is false.

Minn. Stat. § 211B.06 subd. 1 (2008). The statute also provides that, if the material containing the false statement is contained in a letter to the editor, rather than "paid political advertising or campaign material," the penalty is a misdemeanor. Id.

The Minnesota legislature revised this statute in 2004. Prior to that time, the statute applied only to statements about

---

[2] On a Rule 12(b)(1) motion, claiming a lack of subject matter jurisdiction, the Court may consider matters outside the pleadings without converting the motion to dismiss into one for summary judgment. See Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court takes as true the well-pleaded factual allegations in plaintiffs' complaint. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

candidates and could only be enforced by county attorneys. The 2004 amendments extended the statute to ballot questions, and any person - not just a county attorney - could initiate civil enforcement proceedings against a person believed to have violated the law. These new civil enforcement charges were to be heard first by Minnesota's Office of Administrative Hearings ("OAH"). The defendant County Attorneys and the Attorney General claim, without contradiction, they have never initiated civil enforcement proceedings under the revised statute.

After the 2004 amendments, a complainant organization which opposed the anti-school-bond efforts of plaintiff W.I.S.E. Citizen Committee ("W.I.S.E."), filed a civil complaint against W.I.S.E. The complaint was ultimately dismissed after four months of litigation, and $1,900 in attorney's fees. In 2007, after plaintiff 281 CARE Committee ("281 CARE") successfully opposed a referendum, a local school official threatened to bring a complaint against it under the statute, but did not do so. Both 281 CARE and W.I.S.E. claim they wished to rebut what they considered to be a school district's misrepresentations concerning a proposed bond referendum in 2008. Plaintiffs' Complaint alleges each was deterred from doing so out of fear of being sued under the statute. The referendum passed.

Plaintiffs argue the statute is facially overbroad, and violates the First Amendment to the United States Constitution.

3

Plaintiffs move for summary judgment and a declaration that the statute is unconstitutional. They, further, seek an injunction barring its enforcement. Defendants deny plaintiffs have standing to pursue their claims. Accordingly, defendants move to dismiss.

II. <u>Analysis</u>

    A. <u>Justiciability</u>

Defendants argue the matter is not justiciable because plaintiffs lack standing to pursue their claims, and deny the matter is ripe for review. Defendants also claim the Complaint fails to state a claim upon which relief can be granted.

"Concerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so." <u>Renne v. Geary</u>, 501 U.S. 312, 316 (1991). Plaintiffs bear the burden of alleging facts showing they are proper parties "to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." <u>Id.</u> (internal quotations omitted).

A plaintiff who would invoke federal subject matter jurisdiction must "demonstrate an actual, ongoing case or controversy within the meaning of Article III of the Constitution." <u>Republican Party of Minnesota v. Klobuchar</u>, 381 F.3d 785, 789-90 (8th Cir. 2004) (internal quotation omitted). "The basic inquiry is whether the conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or

4

abstract." Zanders v. Swanson, 573 F.3d 591, 593 (8th Cir. 2009) (internal quotation omitted). Ultimately, plaintiff must establish at a minimum, (1) an "injury in fact," (2) "fairly traceable to the challenged action of the defendant," such that (3) the injury will likely be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations omitted).

Here, plaintiffs claim Minnesota Statute § 211B.06 is facially overbroad. One bringing a First Amendment challenge to a criminal statute "need not expose itself to arrest or prosecution" to demonstrate an injury in fact. Saint Paul Area Chamber of Commerce v. Gaertner, 439 F.3d 481, 485 (8th Cir. 2006). "[A]ctual injury can exist for standing purposes . . . as long as the plaintiff is objectively reasonably chilled from exercising his First Amendment right to free expression in order to avoid enforcement consequences." Klobuchar, 381 F.3d at 792. But, to show an objectively reasonable chilling effect, a plaintiff must show "a credible threat of prosecution under [the] statute if the plaintiff actually engages in the prohibited expression." Id.

Here, the Court finds plaintiffs have failed to establish either that they actually intend to engage in conduct targeted by the statute, or there is a credible threat of prosecution if they do so. Accordingly, the Court finds no actual injury.

The Court cannot doubt plaintiffs intend to speak about future

5

ballot questions involving bond levies and tax referenda. From this presumption, the Court can infer plaintiffs' speech will include criticism of the proposals. Plaintiffs' Complaint - perhaps understandably - does not allege specifically what they intend to say in the future. Instead, they generally claim an intent to make statements "including but not limited to exaggerated statements of fact, policy, or position, to emphasize [their] political beliefs and to agitate political discussions." (See, e.g., Compl. ¶ 32.) Plaintiffs similarly aver they will make "statements that will be interpreted by others as false, misleading, non-defamatory, unfavorable or unfair deductions or inferences, express opinions, rhetoric, and use of figurative language, and statements not easily representative or supportable by fact." (See, e.g., Compl. ¶ 54.)

Assuming all of the foregoing to be true, such speech is undeniably protected by the First Amendment. See New York Times Co. v. Sullivan, 376 U.S. 254, 270-71 (1964) (protected speech includes "vehement, caustic, and sometimes unpleasantly sharp attacks"); Garrison v. Louisiana, 379 U.S. 64, 78 (1964) (New York Times rule "forbids the punishment of false statements, unless made with knowledge of their falsity or in reckless disregard of whether they are true or false.") For precisely that reason, the statute's words do not target the kind of speech plaintiffs claim they will disseminate.

The statute is "directed against the evil of making false statements of fact and not against criticism of a candidate or unfavorable deductions derived from a candidate's conduct." Kennedy v. Voss, 304 N.W.2d 299, 300 (Minn. 1981) (construing pre-2004 statute). The statute does not even proscribe false statements of fact, unless such false statements are made with knowledge of their falsity, or with reckless disregard of whether they are true or false. See Minn. Stat. § 211B.06 subd. 1 (2008). This statutory exception encompasses the United States Supreme Court's "actual malice" standard. See New York Times, 376 U.S. at 279-80. Good faith or negligent errors of fact are protected by the First Amendment; knowing falsehoods are not. See id. The same holds true of factual errors in campaign statements. See Brown v. Hartlage, 456 U.S. 45, 60-62 (1982) (First Amendment violated by Kentucky campaign statute prohibiting all false statements of fact, because prohibition not limited to statements made with actual malice).

The challenged Minnesota statute requires both a false statement of fact, and the declarant's actual malice. Minn. Stat. § 211B.06 subd. 1 (2008). Both requirements have been narrowly construed by Minnesota courts. See Riley v. Jankowski, 713 N.W.2d 379, 404 (Minn. Ct. App. 2006).

The statute applies only to false statements of fact, not exaggerations, unreasonable inferences, or statements of opinion.

See Kennedy, 304 N.W.2d at 300; Fine v. Bernstein, 726 N.W.2d 137, 144 (Minn. Ct. App. 2007). Whether a statement is fact or opinion is a question of law, governed by four factors: "(1) a statement's precision and specificity; (2) a statement's verifiability; (3) the social and literary context in which the statement was made; and (4) a statement's public context." Fine, 726 N.W.2d at 144. Such inquiries are necessarily fact-intensive, and absent specific allegations of the content of plaintiffs' proposed statements, the Court is plainly unable to decide, in advance, whether they be fact or opinion.

Statements of opinion are clearly protected by the First Amendment. See Fine, 726 N.W.2d at 144. It is also clear the statute -- both on its face, and as construed by Minnesota courts -- does not target "exaggerated statements," "opinions, rhetoric," "use of figurative language, and statements not easily representative or supportable by fact." (Compl. ¶ 54.)

Even if the Court assumed plaintiffs' allegations encompassed their intent to make false statements of fact, those statements would not violate § 211B.06, absent actual malice. The statute's terms prohibit only statements made with knowledge of their falsity, or with reckless disregard of whether they are false. Minn. Stat. § 211B.06 subd. 1. "Notably, the standard for reckless disregard for truth is a subjective one." Riley, 713 N.W.2d at 398 (citing Chafoulias v. Peterson, 668 N.W.2d 642, 654-55 (Minn.

8

2003)). It requires that a party "make a statement while subjectively believing that the statement is probably false." Riley, 713 N.W.2d at 398.

Thus, to engage in conduct even facially prohibited by the statute, plaintiffs must: (1) make false statements of fact, which (2) they either knew at the time were false, or subjectively believed were probably false. Even given a charitable reading, the Court finds plaintiffs' allegations fail to rise to this level. An intent to make "exaggerated" statements that "will be interpreted by others as false" does not trigger the statute, for the test is not objective; only the speaker's knowledge and belief counts.

Having failed to allege an intent to engage in speech actually prohibited by the statute, plaintiffs have failed to establish a credible threat of prosecution. Gaertner, 439 F.3d at 487; Klobuchar, 381 F.3d at 792-93; Zanders, 573 F.3d at 594.

The record reflects other reasons why plaintiffs cannot show a credible threat of prosecution. For example, plaintiffs have never been criminally prosecuted - by any of the named defendants, or anyone else - under the statute. They have entirely failed to identify any criminal prosecutions related to ballot questions since the statute's 2004 amendment.

Plaintiffs suggest defendants might initiate civil proceedings before the OAH. Assuming, arguendo, Minnesota's law would permit it, the Court finds plaintiffs have shown no reasonable probability

9

that defendants might do so. The Court credits defendants' uncontroverted claim that, since the 2004 statutory amendments, they have never filed a single civil enforcement proceeding under the challenged statute.

While defendants do not disclaim their general obligation to enforce Minnesota law, the Court finds any threat of an actual criminal prosecution or civil enforcement proceeding against plaintiffs to be speculative and hypothetical in the extreme. See Poe v. Ullman, 367 U.S. 497, 508 (1961) (no credible threat of prosecution under statute that had never been enforced). In the absence of any such threat, plaintiffs have failed to assert any cognizable risk of actual injury from the named defendants.

B. Ripeness

"Ripeness requires a court to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." KCCP Trust v. City of North Kansas City, 432 F.3d 897, 899 (8th Cir. 2005) (internal quotation omitted). If a claim rests upon "contingent future event[s]" which may not occur, the claim is not ripe. Id. For example, in KCCP, a cable company sought to enjoin Kansas City from owning or operating a cable television facility without the public vote required by statute. Id. at 898. As the city did not yet own or operate such a facility, and had no plans to do so, the dispute was not ripe. Id. at 899.

10

Similarly, Renne v. Geary involved a challenge to a California constitutional provision barring political parties from endorsing candidates for nonpartisan offices. San Francisco historically attempted to comply with the provision by deleting party endorsements from nonpartisan candidates' official statements mailed to city and county voters. A group of voters and political committee members sought to enjoin this practice.

The Supreme Court found their claims were not ripe for judicial decision because the political committee members had not alleged "an intention to endorse any particular candidate." Renne, 501 U.S. at 321. "We do not know the nature of the endorsement, how it would be publicized, or the precise language [city and county officials] might delete from the voter pamphlet." Id. at 322. The court observed it "possess[ed] no factual record of an actual or imminent application" of the constitutional provision "sufficient to present the constitutional issues in clean-cut and concrete form." Id. at 321 (internal quotation omitted). The court also found the parties faced no substantial hardship from a deferred adjudication. "Postponing consideration of the questions presented, until a more concrete controversy arises, also has the advantage of permitting the state courts further opportunity to construe [the provision], and perhaps in the process to materially alter the question to be decided." Id. at 323.

So, too, here. Plaintiffs' claim rests on undefined future

11

events which may or may not occur. They have identified no election cycle in which they would like to be heard; no specific referendum or ballot question they wish to oppose; and, as noted, they have not specified any particular statements they wish to make.

The Court is constrained to conjecture whether there may, at some unknown time, be a school district which may offer a bond referendum as a ballot question. The Court can then question whether plaintiffs may opt to make specific - but unknown - statements opposing it. And from these compounded conjectures, the Court might manufacture a possible factual record on which to offer an opinion - if anyone challenges the possible opposing statements. This is not a prescription for ripeness. And under these circumstances, the Court sees no realistic possibility of any hardship to plaintiffs from a decision to stay its hand and withhold immediate judicial determination.

Plaintiffs have also failed to demonstrate why Minnesota courts could not, or would not, protect them, should a real case arise. This concern is supported by the fact that the only time plaintiffs claim one of them faced a challenge under this statute, the challenge failed. And plaintiffs have offered no evidence showing they attempted to seek recompense for their claimed legal fees, or that they were denied the opportunity to do so by the OAH or the Minnesota courts.

For all these reasons, the Court grants defendants' motion to dismiss for lack of subject matter jurisdiction.

C.  <u>Failure To State A Claim</u>

Even if the Court found subject matter jurisdiction, it would be constrained to dismiss the Complaint for failure to state a claim upon which relief can be granted. As already noted, the Court takes as true properly-pleaded factual allegations in the Complaint. But it is not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation omitted).

To survive a motion to dismiss, a complaint must contain sufficient facts - accepted as true - to state a claim to relief "plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). A "plausible" claim states facts which allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." <u>Id.</u> at 1950. Facts that are "merely consistent with" liability, therefore, are not sufficient to state a claim. <u>Id.</u> at 1949.

The Court finds plaintiffs' Complaint fails to plead facts showing § 211B.06 subd. 1 (2008) is unconstitutional. As discussed, the statute's words target only false statements of fact

13

made with actual malice.  The Supreme Court recognizes that regulating such speech comports with the First Amendment.  Under these circumstances, the Complaint's allegations do not plausibly allege the statute's violation of the First Amendment.

Plaintiffs suggest the "actual malice" standard is limited to cases involving defamation, and may not be applied to ballot questions where no one's reputation is at stake.  (Pl. Memorandum in Support of Summary Judgment at 39-41.)  They argue that if speech is not defamatory, it is not for a state to determine its truth or falsity.  From this precept, they claim a state's attempt to do so, itself, violates the First Amendment. Plaintiffs support this assertion by offering a Washington Supreme Court opinion holding the First Amendment prohibits a state from regulating false but non-defamatory speech.  <u>Washington ex rel. Public Disclosure Comm'n v. 119 Vote No! Committee</u>, 957 P.2d 691, 695 (Wash. 1998).  This Court has no cavil with the Washington Supreme Court, but its holding appears to be unique to that State.  Plaintiffs cite no Minnesota law, nor indeed any other state's embrace or adoption of the Washington holding.

Minnesota, like the United States, holds false statements made with actual malice are without First Amendment protection, and may be prohibited or regulated.  <u>See</u> <u>Chafoulias</u>, 668 N.W.2d at 654-55; <u>Fine</u>, 726 N.W.2d at 146-47; <u>Garrison</u>, 379 U.S. at 75.  Importantly, the United States Supreme Court has never limited its actual malice

requirement to cases of defamation.  Indeed, it has applied it to cases involving false but non-defamatory speech.  See Time, Inc. v. Hill, 385 U.S. 374, 387-88 (1967) (holding New York statute banning invasion of privacy violated First Amendment, absent proof that false statements were published with actual malice).  Accordingly, the Court declines plaintiffs' invitation to ignore the actual malice standard.

Finally, plaintiffs argue § 211B.06 subd. 1 is both overbroad and underinclusive.  Claiming the statute targets both those who merely disseminate false statements as well as those who create them, plaintiffs argue it is overbroad, chilling the speech and association rights of volunteers who would distribute their campaign literature.  (Pl. Opp. Mem. at 31-33.)  They, conversely, claim that as the statute targets only paid political advertising, campaign materials, and letters to the editor, while not addressing identical statements communicated via other means, it is underinclusive.  (Id. at 33-35.)

The Court cannot concur.  On its face, and as interpreted by Minnesota's courts, the statute targets only false statements made with actual malice - speech lying beyond the First Amendment's ambit.  Accordingly, plaintiffs cannot show the statute substantially prohibits protected speech.

Plaintiffs' argument on underinclusiveness is fundamentally flawed.  The United States Supreme Court has held "the First

15

Amendment imposes not an 'underinclusiveness' limitation but a 'content discrimination' limitation upon a State's prohibition of proscribable speech." R.A.V. v. City of Saint Paul, 505 U.S. 377, 387 (1992). Thus, a state may prohibit unprotected speech "only in certain media or markets," without disturbing the First Amendment. Id. Minnesota Statute § 211B.06 prohibits knowing false statements in paid political advertising, campaign material, or letters to the editor; such limits are consistent with the First Amendment. The challenged statute may not be a masterpiece of the legislative art, but that does not make it unconstitutional. And, ultimately, plaintiffs have not pleaded a cognizable case against it.

Because the Court finds this matter must be dismissed for lack of subject matter jurisdiction, it denies plaintiffs' motion for summary judgment as moot.

III. Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted; plaintiffs' motion for summary judgment is denied.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 19, 2010

                                                 s/ James M. Rosenbaum
                                                 JAMES M. ROSENBAUM
                                                 United States District Judge